UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-24 (JEB) |
| SALUSTHIAN LUTAMILA, | |
| Defendant. | |

### MEMORANDUM OPINION

This past May, a jury convicted Defendant Salusthian Lutamila on 21 counts of bank fraud, theft by credit-union employee, wire fraud, and money laundering, in violation of 18 U.S.C. §§ 657, 1343, 1344, and 1957. Each of these counts originated from his decision to orchestrate an embezzlement scheme lasting over two and a half months. During that time, he stole a total of $610,000 from his employer, the Inter-American Development Bank – IIC Federal Credit Union. Having recently been sentenced to 44 months of incarceration, Defendant now moves this Court *pro se* to grant him release pending appeal. As there is no legitimate basis for his request, the Court will deny his Motion.

**I.      Legal Standard**

Under 18 U.S.C. § 3143(b)(1), a Court must detain a defendant pending appeal unless it finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in — (i) a reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a

> reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Because the Government does not dispute that Lutamila has satisfied subsection (A) and the first part of (B), the sole question here is related to the second part of (B). Such analysis is generally construed as a dual inquiry: (1) Does the appeal raise a substantial question of law or fact? (2) If so, would the resolution of that question in Defendant's favor be likely to lead to any of the results listed above? See United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1987).

In determining whether Defendant has raised a substantial question, the Court keeps in mind that there is a presumption of a valid conviction when assessing motions for release pending direct appeal. Id. at 556. Defendant bears the burden of rebutting this presumption. United States v. Libby, 498 F. Supp. 2d 1, 3 (D.D.C. 2007); see also United States v. Shoffner, 791 F.2d 586, 589 (7th Cir. 1986) (holding that defendant must "demonstrate that he has a substantial question to present [on appeal] before he may be admitted to bail"). To determine whether a substantial question exists, a court must inquire whether a defendant has raised an issue that is "a close question or one that very well could be decided the other way." Perholtz, 836 F.2d at 556; see id. at 555 (stating that "close question" standard is "more demanding" than one that requires inquiry to be "fairly debatable," "fairly doubtful," or simply "not frivolous"); see also United States v. Adams, 200 F. Supp. 3d 141, 144 (D.D.C. 2016) (setting out standard).

**II.      Analysis**

In seeking his release, Lutamila asseverates that his appeal will indeed raise substantial questions. See ECF No. 114 (Mot. for Release) at 15–16. These are: (1) whether he suffered constructive denial of counsel; (2) whether the Government engaged in misconduct; and (3) whether this Court sufficiently considered his extraordinary family circumstances when it imposed his sentence. Id. at 2, 7, 11. The Court examines each of these issues in turn.

### A. Constructive Denial of Counsel

Lutamila first contends that his counsel were deficient at trial because they failed to obtain evidence that could have helped him disprove the Government's charges. Id. at 2.

To prevail on a claim for ineffective assistance of counsel, a defendant "must show (1) 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment' and (2) that the error prejudiced his defense." United States v. Tucker, 12 F.4th 804, 816 (D.C. Cir. 2021) (quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)). Furthermore, there is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." Harrington, 562 U.S. at 104.

Defendant here meets neither prong of the Tucker test. As to the first, the Government preliminarily notes that he was "represented by a team of five attorneys, including two experienced attorneys from the Federal Public Defender office" and three private, *pro bono* attorneys. See ECF No. 115 (Gov't Opp.) at 7. Defendant's counsel vigorously and zealously represented him — as is made evident by the motions they filed, including one to stay trial in order to investigate issues regarding the "systematic exclusion of [B]lack citizens from jury service" in the District of Columbia. See ECF No. 70 (Mot. to Stay) at 13; see also Opp. at 7 (outlining skillful motions practice by Defendant's team of five attorneys). As to Defendant's specific claim that a certain physical binder "containing records of [the] CEO's reviews of draft monthly financial statements[,] . . . approvals of transactions . . . , [and] notes of weekly one-on-one meetings" was never obtained by his lawyers, he fails to explain how such a binder contained exculpatory evidence or that it was ever in the Government's possession to begin with. See Mot. at 4. The record thus contradicts any allegation suggesting that Defendant received ineffective assistance.

3

Lutamila also does not show that any purported attorney error prejudiced his defense. His Motion consists of a series of complaints that are "not probative of the ultimate issue at trial — whether the Defendant stole $610,000." Opp. at 7. Nothing that he raises would have had any likelihood of changing the outcome here; indeed, as he offered essentially no defense on the merits at trial, he is a long way from demonstrating prejudice.

B. Government Misconduct

In next contending that the Government engaged in conduct by failing to adequately investigate the case, permitting perjury by its witnesses, and making improper arguments in opening and closing remarks, Defendant again offers only self-serving, conclusory statements. None of the issues he raises regarding such alleged Government misconduct would undermine the evidence adduced at trial and the crux of the case: that he stole $610,000 from his employer.

Begin with the legal standards for each claim. To the extent that Lutamila's challenge to the Government's investigation invokes due process, then "the defendant bears the burden of proving that the government failed in bad faith to preserve material and potentially exculpatory evidence." United States v. McKie, 951 F.2d 399, 403 (D.C. Cir. 1991) (citing Arizona v. Youngblood, 488 U.S. 51 (1988)); see also Brady v. Maryland, 373 U.S. 83, 83 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process"). As to failure to correct a witness's misrepresentations, courts have held that such conduct is indeed "improper and warrants a new trial" when such testimony leads the jury to an "erroneous conclusion." United States v. Iverson, 637 F.2d 799, 802–03 (D.C. Cir. 1980). Finally, parties must confine their "remarks in summation to facts which are in evidence and the reasonable inferences therefrom." United States v. Jones, 482 F.2d 747, 753 (D.C. Cir. 1973).

4

Lutamila's arguments on these points hold no water. First, there is no due-process violation because Defendant never contends that the Government had information that it refused to turn over. To the extent that he argues that the Government failed to preserve such evidence (*e.g.*, the binder), he has not shown that it was in the possession of his employer. See Opp. at 10 ("[T]here was never any evidence produced in trial, before trial, or since, that such a binder even exists — despite a lot of effort by [Defendant's] counsel to seek it out and extensive questioning of the witnesses in trial about whether it existed."). Finally, even if a binder like the one Defendant describes did exist, he has not explained how it would be exculpatory.

Second, as to Defendant's allegation that the Government's witnesses perjured themselves, he only identifies Marianne Quinn's testimony as problematic. See Mot. at 10. Yet, there was nothing false in Marianne Quinn's testimony that needed to be corrected in order to ensure that the jury was not led to an erroneous conclusion. See Opp. at 11.

Third, while the Court acknowledges that "the line between permissible and impermissible arguments will not always be clear," United States v. Moore, 651 F.3d 30, 53 (D.C. Cir. 2011), closing arguments in this case were appropriately "confined to 'facts which [were] in evidence and the reasonable inferences therefrom.'" United States v. McGill, 815 F.3d 846, 916 (D.C. Cir. 2016) (quoting Jones, 482 F.2d at 753); see also Moore, 651 F.3d at 53 (explaining that prosecutor may draw inferences that support Government's theory of case "so long as the prosecutor does not intentionally misrepresent the evidence"). In this case, there was sufficient evidence presented at trial for the reasonable inference, offered by the Government in its closing argument, that Lutamila's failure to become CFO was the motive for his crime. See Mot. at 10; Opp. at 11.

Because Defendant's claims regarding alleged Government misconduct are baseless, the Court finds that he does not raise a substantial question of law or fact.

### C. Family Circumstances

Finally, Defendant asserts that this Court at sentencing "didn't give sufficient consideration to [his] extraordinary family circumstances." Mot. at 11. The Court is unclear as to what relief he is seeking in taking such a position. If he thinks that an appellate court would thus find his sentence substantively unreasonable, that is exceedingly unlikely, as the 44 months imposed was below the Guidelines range. As the Government rightly notes, the Court took his circumstances into consideration "in varying downward from the applicable Guideline[] range." Opp. at 12 (emphasis added). As a result, the Court finds that this claim, too, raises no substantial question.

### III. Conclusion

Because the Court concludes that none of the issues presented by Defendant constitutes a substantial question of law or fact, it will deny his Motion for Release Pending Appeal. An accompanying Order so stating shall issue this day.

/s/ *James E. Boasberg*  
JAMES E. BOASBERG  
United States District Judge

Date: November 7, 2022